# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO: 5:04CV179

| | |
|---|---|
| WILLIAM G. WELBORN, )<br>        Plaintiff              )<br>vs.                            )<br>                               )<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>        Defendant.        )<br>                               ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion to Submit New and Material Evidence" (Document No. 10), filed April 21, 2005 by William G. Welborn; and the "Defendant's Objection to Plaintiff's Motion to Supplement the Record with New Evidence" (Document No. 11), filed April 22, 2005 by the Commissioner of Social Security (the "Commissioner"). The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and this motion is ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the additional evidence meets the statutory requirements for a remand under sentence six of 42 U.S.C. § 405(g). Accordingly, the undersigned will <u>remand</u> the case to the Commissioner.

## I. LEGAL ANALYSIS

In the Motion, Mr. Welborn seeks to introduce evidence that has not been considered at any state of the administrative proceedings. Mr. Welborn submits, as an exhibit to his Motion, a psychological evaluation completed by consultative psychologist Ron R. Hood, Ph.D., dated April 16, 2005 (the "Evaluation"). In the Evaluation, Dr. Hood documents his finding that, based on the

1

Wechsler Adult Intelligence Scale – Third Edition, Mr. Welborn has a full-scale I.Q. of 52. Mr. Welborn contends that this Court should remand the matter for an award of benefits under Listing of Impairment 12.05(B). In the alternative, Mr. Welborn requests that the Court remand the matter for a new administrative hearing so that his claims can be re-evaluated in light of the Evaluation.

A district court cannot consider evidence which was not presented to the administrative law judge ("ALJ") Smith v. Chater, 99 F.3d 635, 638 n. 5 (4th Cir. 1996) (citing United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-15 (1963)). Reviewing courts are restricted to the administrative record when determining whether the decision of the ALJ is supported by substantial evidence. Wilkins v. Secretary, Dep't of Health and Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (citation omitted). The evidence submitted by Mr. Welborn is extra-record evidence which was not before the ALJ or the Appeals Council. This Court's review is limited to pleadings and the transcript of the record pursuant to 42 U.S.C. § 405(g). Accordingly, this Court cannot consider the additional evidence submitted by Mr. Welborn and will not remand the matter for an award of benefits.

Sentence six of 42 U.S.C. § 405(g), however, permits a court to "order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." For these purposes, evidence is "new" if it is relevant to the determination of disability at the time the application was filed and not merely cumulative or duplicative. Wilkins, 953 F.2d at 96 (citing Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is considered "material" if there is a reasonable possibility that the additional evidence would have changed the outcome of the decision. Id. (citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir. 1985)). Although the Fourth Circuit has not made a specific finding as to what constitutes "good

cause," other circuits have concluded that, to establish the existence of "good cause," the claimant must show that the additional information was not available to her until after the conclusion of the administrative proceedings. See, e.g., Geigle v. Sullivan, 961 F.2d 1395, 196 (8th Cir. 1992); Waite v. Bowen, 819 F.2d 1356, 1361-1362 (7th Cir. 1987).

Taking each of these prerequisites in turn, it is apparent to the Court that the Evaluation is relevant to a determination of disability at the time Mr. Welborn's application was first filed. In the absence of evidence to the contrary, an individual's level of intellectual functioning is considered to be lifelong. Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985). The proffered evidence is not cumulative, because there is nothing comparable – for example, a Mental Residual Functional Capacity Assessment – to the Evaluation in the record. There is also a reasonable possibility that the proffered evidence would have changed the outcome of the proceedings before the Commissioner. Although it does not appear that Dr. Hood would qualify as a treating source under 20 C.F.R. § 404.1527 and § 416.927, the Evaluation should be balanced against any other evidence in the record. If the Commissioner were to determine that – based at least in part on the Evaluation and after weighing all evidence in the record – Mr. Welborn has a full scale I.Q. of 59 or less, Mr. Welborn would meet the requirements of Listing of Impairment 12.05(B). See 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05(B). Under the particular facts and circumstances of this case, the undersigned also finds that there was good cause for Mr. Welborn's failure to present this evidence earlier. The Evaluation was not performed until April 2005. Given the possibility of Mr. Welborn's impaired intellectual functioning, the undersigned cannot conclude that Mr. Welborn should have

been aware of his impaired functioning and had a similar evaluation performed earlier.[1] Because Mr. Welborn has met the requirements for remand for consideration of new evidence, the undersigned will remand this case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for the consideration of the Evaluation. The undersigned recognizes that, on remand, the Commissioner may wish to gather additional evidence relevant to Mr. Welborn's intellectual functioning, including examination of Mr. Welborn by medical consultants to the Commissioner.

**V. ORDER**

**IT IS, THEREFORE, ORDERED** that

1. The "Plaintiff's Motion to Submit New and Material Evidence" (Document No. 10) is **DENIED IN PART AND GRANTED IN PART**; that is, the case will not be remanded for the award of benefits to Mr. Welborn, but the case will be remanded pursuant to sentence six of 42 U.S.C. § 405(g); and

2. The "Motion for Summary Judgment" (Document No. 7), filed February 14, 2005 by Mr. Welborn, and the "Motion for Summary Judgment" (Document No. 8), filed March 24, 2005 by the Commissioner, are both **DENIED AS MOOT**.

---

[1] The undersigned explicitly limits his conclusion on the good cause prerequisite to the facts and circumstances of this case.

**Signed: January 6, 2006**

_____
David C. Keesler
United States Magistrate Judge